**MISSOURI, K. & T. RY. CO. OF TEXAS v. FULTS.** (No. 1462.)

(Court of Civil Appeals of Texas. Texarkana. May 13, 1915. Rehearing Denied May 20, 1915.)

MASTER AND SERVANT  &#x269C;&#x22D9;208—EMPLOYÉ OF INDEPENDENT CONTRACTOR—NEGLIGENCE OF CONTRACTOR'S EMPLOYER — ASSUMPTION OF RISK.

Plaintiff, an employé of M., who had contracted to ice defendant's refrigerator cars, in attempting to go by way of the tops of the refrigerator cars, from one end to the other of the platform, which M. had filled with ice to load into such cars, did not assume the risk from negligence of defendant's inspector in leaving open and across a running board used in passing between the platform and the top of the car a bunker door of the car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 551; Dec. Dig. &#x269C;&#x22D9;208.]

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by Porter B. Fults against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

By the terms of a contract between appellant and one Murphy the latter undertook to ice refrigerator cars for the former "during the fruit movement season, 1913," and "to furnish all necessary tools and labor for handling the ice from car to platform and platform to refrigerators." Appellee was employed by Murphy to assist in the work of icing the cars. Extending east and west about 300 feet was a platform 18 or 20 feet high. Ice was unloaded onto the platform from cars placed along the south side thereof, and from the platform to refrigerator cars placed by appellant along the north side thereof. The platform was 4 or 5 feet higher than the refrigerator cars. Blocks of ice, some of them weighing 200 pounds and others 300 pounds, were transferred from the platform to the tops of the refrigerator cars by means of iron running boards extending from the platform to the tops of such cars. The boards were also used by appellee and others engaged in the work in passing from the platform to the cars and back. Icing the cars was accomplished by filling bunkers at the ends thereof with ice. The bunkers were provided with doors about 2 feet square fastened to the tops of the cars by means of hinges. When open the doors lay back on the tops of the cars. At about 2 o'clock of the morning of July 15, 1913, appellee and men he was assisting in icing cars quit work and went to the west end of the platform to eat their supper. While they were eating, one Clair, employed by appellant for the purpose, inspected the bunkers of cars to be iced. In doing this he opened the door of

one of the bunkers, turning it back across one of the running boards referred to, then resting on the top of the car. Instead of closing the door after he had inspected the bunker, he left same in the position he had placed it across the running board. Having finished eating his supper, appellee started back to the east end of the platform to continue the work of icing cars. Part of the platform was so covered with blocks of ice as to obstruct his passage over same. He therefore concluded to go to the east end of the platform over the tops of the cars. To do this he attempted to pass from the platform to the top of one of the cars over the running board across which Clair, appellant's inspector, had left the door to one of the bunkers. The place was not sufficiently lighted, and appellee did not discover that the bunker door had been left across the running board until he caught his left foot under it. As a result of his so catching his foot he fell from the top of the car to the ground below, a distance of 12 or 14 feet, and thereby suffered injury to his person. On the theory that appellant's inspector, Clair, was guilty of negligence in leaving the door of the bunker open as stated, appellee recovered against appellant the judgment for $750, from which the appeal is prosecuted.

The fourth paragraph of the charge of the court to the jury, which appellant complains was erroneous, was as follows:

"(4) The evidence shows that on the night of the 14th or the early morning of the 15th of July, 1913, the plaintiff was in the employment of J. B. Murphy, engaged in icing cars of fruit on the premises of the defendant; and you are instructed that it was the duty of the defendant to exercise ordinary care to have and keep said premises, including the platform and cars, where plaintiff was engaged at work, in a reasonably safe condition for his use in his work."

The fifth, sixth, seventh, and eighth paragraphs of the charge, which are not complained of, were as follows:

"(5) Now, if you believe from the evidence that defendant's inspector opened a bunker door on a car plaintiff's duty required him to go upon, and left said door lying across the running board extending from the platform to said car, and that the inspector's so leaving said door across said board, if he did, rendered the use of said running board and car dangerous to persons using the same under the surrounding circumstances, and that same was negligence as that term is defined herein, and if you find that plaintiff, in returning from where he had eaten his supper, to the east end of the platform to go to work, attempted to cross upon said running board to the car, and that said running board was customarily used by plaintiff for that purpose, and if you find that as he was so crossing upon said board (if he did), and as the proximate result of defendant's negligence, if any, in leaving said bunker door across said running board, if he did, plaintiff's foot caught on or against the said door, and he was thereby caused to and did fall to the ground and sustain the injuries, or any of them, alleged in his petition, and that at the time he was exercising ordinary care for his own safety, then you will find for the plaintiff, unless you find for the defendant under other issues submitted to you by the court.

"(6) Unless you believe from the evidence that the defendant's inspector did open the bunker door and did leave the same across the said running board extending from the platform to said car, and unless you find that the leaving of the said door across the said running board, if it was so left, was negligence, as that term is defined herein, you will find for defendant.

"(7) If you believe from the evidence that the plaintiff, in passing from the platform to the car across the running board extending from the platform to said car, if he did so cross, at the time and in the manner in which he did, failed to exercise such care as an ordinarily careful and prudent person should exercise under the same or similar circumstances, and that such failure, if any, caused or contributed to cause his injury, if any, then you will find for the defendant.

"(8) The plaintiff, Porter B. Fults, in accepting the employment and undertaking the work in which he was engaged, assumed all the risks and dangers ordinarily incident to his employment and the character of work in which he was engaged, and if you believe from the evidence that the plaintiff was caused to fall by reason of conditions ordinarily incident to his employment and the character of work in which he was engaged, then he cannot recover, and you will find for the defendant. But the plaintiff would not assume the risk of injury arising from the negligence of the defendant's inspector, if any. If you find from the evidence that the position of the bunker door was open and obvious to view, and that the plaintiff would, by the exercise of ordinary care in keeping a lookout for obstructions for his own safety, have discovered the bunker door in time to have prevented his going upon and over it, and could thereby have prevented the accident and injury to him, if any, then and in that event you will find for the defendant."

The testimony was sufficient to support the findings involved in the verdict of the jury on the issues submitted to them in the portion of the charge set out above.

Dinsmore, McMahan & Dinsmore, of Greenville, and Chas. C. Huff, of Dallas, for appellant. B. Q. Evans and H. L. Carpenter, both of Greenville, and H. B. Mock, of New York City, for appellee.

WILLSON, C. J. (after stating the facts as above). The contentions presented by the assignments are believed to be without merit. They are as follows:

1. That the trial court erred in overruling appellant's exceptions to appellee's petition on the ground: (1) That it appeared from allegations that appellee "was guilty of negligence which caused or contributed to cause his injuries"; and (2) that it did not appear from allegations therein "whether the plaintiff was an employé of the defendant at the time of the alleged accident."

2. That in the fourth paragraph of his charge the trial court erroneously assumed the fact to be that appellee at the time he was injured was appellant's employé.

3. That the trial court erred in overruling appellant's motion for a new trial:

(1) "Because the injuries, if any, plaintiff sustained were caused by his own carelessness and want of ordinary care for his own safety in going upon the cars upon the top of the car from which plaintiff fell, and undertook to travel on and across the top thereof, and the care-

less manner in which the plaintiff went upon and across the top of said car;" and (2) "because all of the evidence shows that if there was ice. placed on what is known as the icing platform at or near the place where the plaintiff is alleged to have been injured, which ice on the platform obstructed plaintiff's passway or prevented him from walking down said platform to the place where he was intending to go just before the accident, and the ice was placed there under the orders and directions of J. B. Murphy, who is shown by all the evidence' to have been an independent contractor, for whom the plaintiff was at work at the time of the alleged accident, and the ice was not placed on said platform under the direction or supervision of the defendant, and the plaintiff, in leaving the icing platform and going upon the top of the string of cars that had been placed at the icing bent for using, assumed the risk of any and all the injuries he might sustain by reason of going over and across the top of said cars."

The judgment is affirmed.